Opinion
 

 WHITE, P. J.
 

 Plaintiffs Thomas E. Rose and Beverly J. Todd appeal from a judgment dismissing their action against defendants Daniel Robert Scott and Novella Simonson for failure to bring the action to trial within the time prescribed by law. (Code Civ. Proc., § 583.360.)
 
 [1]
 
 Based on the enactment of section 583.340 and the Law Revision Commission comment thereto we reverse the judgment.
 

 Procedural History
 

 Plaintiffs filed this action on August 14, 1984, alleging causes of action for fraud in the sale of real property, emotional distress and breach of an indemnity contract. Defendants were served on October 19 and 22, 1984, after the complaint had been amended.
 

 Defendant Simonson filed her answer to the first amended complaint on November 16, 1984, and defendant Scott filed his on December 6, 1984. Thereafter, on January 8, 1985, plaintiffs filed their memorandum that civil case is at issue. A trial setting conference was scheduled for October 17, 1985. On October 16, 1985, defendants moved to continue the trial setting conference due to the fact that a related matter was pending before the City of Berkeley Rent Stabilization Board and the administrative action would have a direct bearing on the case. Over plaintiffs’ opposition, on October 31, the court granted the motion and ordered the trial setting conference continued to November 27, 1985, subject to a motion for further continuance if the determination of the administrative matter had not become final by that date. When no ruling was rendered before November 27, the trial setting conference was again continued to January 21, 1986,
 
 [2]
 
 at which time the case was assigned a trial date of April 18, 1986.
 

 On February 3, 1986, defendants moved for summary judgment and/or summary adjudication of issues. However, due to the court’s law-and
 
 *310
 
 motion backlog, the motion could not be heard until April 25. Consequently, on March 10 defendants moved to continue the trial from April 18, 1986, to July 11, 1986. The court granted the motion.
 

 On July 11, 1986, the matter was trailed from day to day; thereafter, the case was continued to October 24, 1986, due to the lack of an available courtroom.
 

 Four days before trial, plaintiffs moved to amend their complaint. On October 24, the motion was granted on condition that plaintiff drop the case from the civil calendar.
 

 The second amended complaint was not filed until February 16, 1989, almost two years and four months later. After defendants’ demurrer to the second amended complaint was sustained, plaintiffs filed a third amended complaint on June 12, 1989. When defendants again demurred, a hearing was first scheduled for July 14, 1989, and, on the court’s own motion, the hearing was continued to July 26, 1989. Although the record is unclear as to why a hearing was not conducted on July 26, a hearing was finally held on August 3, and the demurrer to the third amended complaint was overruled.
 

 On August 14, defendants filed their answers to the third amended complaint. A joint at-issue memorandum was filed September 21, 1989.
 

 Plaintiffs filed a motion to advance on February 6, 1990. After the motion was heard on February 23, 1990, the court denied the motion to advance and dismissed the action on its own motion. Following the denial of plaintiffs’ motion for reconsideration, the present appeal was filed.
 

 Discussion
 

 Plaintiffs contend their action was improperly dismissed pursuant to section 583.360, since there were three different time periods which tolled the running of section 583.310. Although two of the time periods involve the same analysis for tolling the statute, we address each time period separately.
 

 First, plaintiffs claim the statute should be tolled for the 96-day period from October 17, 1985, to January 21, 1986, when defendants requested a continuance because the City of Berkeley Rent Stabilization Board had not ruled on the administrative matter. Defendants acknowledge they requested a continuance, but maintain the period should only be 62 days.
 

 
 *311
 
 Although an action must be brought to trial within five years after the action is commenced (§ 583.310), the general rule is that when a party seeks a continuance of trial, that party is estopped to assert limitation periods for bringing an action to trial.
 
 (Ward
 
 v.
 
 Levin
 
 (1984) 161 Cal.App.3d 1026, 1034 [208 Cal.Rptr. 312];
 
 Borglund
 
 v.
 
 Bombardier
 
 (1981) 121 Cal.App.3d 276, 281 [175 Cal.Rptr. 150].)
 

 Here, defendants moved to continue the October 17, 1985, trial setting conference. They argued that the action should be abated because of the related matter before the Berkeley rent board. There is no dispute that the proceedings were properly stayed due to the administrative action, and the time of the stay is excluded in computing the five-year limitation period. (§ 583.340, subd. (b).)
 
 [3]
 
 However, defendants now argue that if plaintiffs had not opposed the motion, their original request would have resulted in the stay of the trial setting conference to November 18, 1985, and would have been extended to December 18, 1985, a date subsequent to the rent control ruling.
 
 [4]
 
 The argument is specious. Clearly, plaintiffs were entitled to oppose defendants’ motion. Moreover, on November 26, 1985, defendants specifically requested the matter be continued to January 21, 1986, a date in excess of one month from the motion, and the court extended the stay to that date.
 

 Plaintiffs claim the second period of tolling occurred from April 18, 1986, to July 11, 1986, a period of 84 days. The claim is based on the fact that defendants moved to continue the April 18 trial date in order to have its motion for summary judgment heard. We agree with plaintiffs that this 84-day delay in bringing the case to trial was also caused by defendants.
 

 Finally, citing such cases as
 
 Hartman
 
 v.
 
 Santamarina
 
 (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833],
 
 Goers
 
 v.
 
 Superior Court
 
 (1976) 57 Cal.App.3d 72 [129 Cal.Rptr. 29], and
 
 Nail
 
 v.
 
 Osterholm
 
 (1970) 13 Cal.App.3d 682 [91 Cal.Rptr. 908], plaintiffs submit the limitation period was tolled by an additional 105 days, due to the fact that no courtroom was available on July 11, 1986, and the matter was continued until October 24, 1984. Defendants take the position that in all of these cases, the impossibility of trial occurred just prior to the running of the limitation period. In contrast, plaintiffs voluntarily dropped the case from the
 
 *312
 
 civil calendar and did not file the second amended complaint for more than two years.
 

 Delay in bringing an action to trial within five years may be excused if it has been impossible or impracticable to proceed to trial.
 
 (Hocharian
 
 v.
 
 Superior Court
 
 (1981) 28 Cal.3d 714, 719 [170 Cal.Rptr. 790, 621 P.2d 829];
 
 Weeks
 
 v.
 
 Roberts
 
 (1968) 68 Cal.2d 802, 805 [69 Cal.Rptr. 305, 442 P.2d 361];
 
 Ward
 
 v.
 
 Levin, supra,
 
 161 Cal.App.3d at p. 1035.) Impossibility occurs when there is no courtroom available.
 
 (Lazelle
 
 v.
 
 Lovelady
 
 (1985) 171 Cal.App.3d 34, 40 [217 Cal.Rptr. 145];
 
 Bennett
 
 v.
 
 Bennett Cement Contractors, Inc.
 
 (1981) 125 Cal.App.3d 673 [178 Cal.Rptr. 633];
 
 Goers
 
 v.
 
 Superior Court, supra,
 
 57 Cal.App.3d at pp. 74-75.)
 

 There is case law which supports defendants’ argument that the excuse is inapplicable where, although there was a period of impossibility or impracticability, a reasonable amount of time remained after that period to bring the case to trial. (See, e.g.,
 
 State of California
 
 v.
 
 Superior Court
 
 (1979) 98 Cal.App.3d 643, 649 [159 Cal.Rptr. 650];
 
 Brown
 
 v.
 
 Superior Court
 
 (1976) 62 Cal.App.3d 197, 199 [132 Cal.Rptr. 916].) However, the law has changed with the enactment of section 583.340, subdivision (c).
 

 Section 583.340, subdivision (c) codifies the case law pertaining to the impossibility, impracticability or futility of bringing a case to trial within five years of filing the action. (See Cal. Law Revision Com. com., West’s Ann. Code Civ. Proc., § 583.340 (1991 pocket supp.) p. 52 [Deering’s Ann. Code Civ. Proc., § 583.40 (1991 pocket supp.) p. 110].) The language of the statute is mandatory. Thus, under this subdivision, “the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial.”
 
 (Ibid:,
 
 see also, 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 142, p. 447.)
 

 In conclusion, we find that the five-year period in which to bring the present case to trial was tolled from October 17, 1985, to January 21, 1986, from April 18, 1986, to July 11, 1986, and from July 11, 1986, to October 24, 1986, for a total of two hundred eighty-five days. Since the suit was originally filed on August 14, 1984, it normally should have been brought to trial by August 14, 1989. However, because of the three tolling periods, the five-year statute in this case would not have expired until May 26, 1990. Accordingly, we find the dismissal was premature.
 

 
 *313
 
 Disposition
 

 The judgment is reversed. Costs are awarded to appellants.
 

 Merrill, J., and Chin, J., concurred.
 

 Respondents’ petition for review by the Supreme Court was denied October 31, 1991.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless otherwise indicated.
 

 [2]
 

 All parties apparently stipulated to this continuance. (See § 583.330, subd. (a).)
 

 [3]
 

 Section 583.340 provides in its entirety: “In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:
 
 [¶]
 
 (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile.”
 

 [4]
 

 Although we are unable to find the date in the record, defendants claim the Berkeley rent control ruling was made on December 2, 1985.