[No. B055863. Second Dist., Div. Six. Feb. 4, 1992.]

**THOMAS E. HATTERSLEY, Cross-complainant and Appellant, v. AMERICAN NUCLEONICS CORPORATION, Cross-defendant and Respondent.**

## COUNSEL

Bodkin, McCarthy, Sargent & Smith and Timothy J. Sargent for Cross-complainant and Appellant.

Kirshman & Harris and Michael S. Harris for Cross-defendant and Respondent.

## OPINION

**YEGAN, J.**—Thomas Hattersley appeals from an order dismissing his cross-complaint for failure to bring the action to trial within three years after reversal on appeal. (Code Civ. Proc., § 583.320, subd. (a)(3).) We reverse and hold the three-year period was tolled three hundred fourteen days because of courtroom unavailability. (Code Civ. Proc., § 583.340, subd, (c); *Chin* v. *Meier* (1991) 235 Cal.App.3d 1473, 1477-1478 [1 Cal.Rptr. 499]; *Rose* v. *Scott* (1991) 233 Cal.App.3d 537, 542 [284 Cal.Rptr. 487].)[1]

In 1982 respondent American Nucleonics Corporation sued appellant, a former employee, for money due on a $41,100 promissory note. Appellant cross-complained for wrongful termination and fraud. Following a jury trial, verdicts were entered on the complaint and cross-complaint. Both sides appealed.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated. Section 583.320 states in pertinent part: "(a) If a new trial is granted in the action the action shall again be brought to trial within the following times:[¶] . . . [¶] (3) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court."

As to appellant, we affirmed on liability but reversed the $71,070 fraud judgment and remanded for retrial solely on the issue of compensatory damages. (*American Nucleonics Corporation* v. *Hattersley* (June 5, 1987) B013957 [nonpub. opn.].) The remittitur was filed in the trial court on August 10, 1987.

In 1988 appellant requested a preferential trial setting based on the three-year statute. The matter was assigned to judicial arbitration on September 7, 1988. Appellant was awarded $1,421 plus prejudgment interest. He filed a request for trial de novo on February 2, 1989.

Trial was initially set for September 5, 1989, but continued to January 8, 1990, by stipulation of counsel. The court thereafter continued the trial three times on its own motion because of courtroom unavailability.

While the matter trailed on the trial calendar, respondent filed a motion for a mandatory three-year dismissal on November 13, 1990. The motion was granted November 26, 1990, three years and ninety-six days after the remittitur was filed in the trial court.

Appellant cites *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216] for the proposition that the three-year statutory period was tolled two hundred fifteen days from the date of the trial de novo request, February 2, 1989, until the case was set for trial, September 5, 1989. Appellant's reliance on *Moran* is misplaced.

*Moran* v. *Superior Court* was a five-year dismissal case. The court held that the time between the date the arbitration award was filed and the date set for trial de novo was excluded from the calculation of the five-year period. (*Id.*, at p. 242.) "That rule was superseded by the enactment of the tolling provision of section 1141.17, subdivision (b). [Citations."] (*Drummond* v. *Murata* (1991) 227 Cal.App.3d 44, 49 [277 Cal.Rptr. 727].) In addition, section 1141.17 subdivision (b) only allows a tolling of the *five-year* statutory period in the event of an intervening arbitration. It does not toll the *three-year* period for mandatory trial following a remand for new trial.[2]

---

[2]Section 1141.17 states: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this' chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a

We have requested and received supplemental briefing from the parties on the issue of section 583.340 tolling in light of *Chin* v. *Meier, supra,* 235 Cal.App.3d 1473, and *Rose* v. *Scott, supra,* 233 Cal.App.3d 587.[3]

 Section 583.340 was proposed by the California Law Revision Commission and enacted in 1984 without change. (See 17 Cal. Law Revision Com. Rep. (1984) 904, 935.) "For that reason the report of the commission is entitled to substantial weight in construing the statute . . . ." (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court* (1990) 217 Cal.App.3d 464, 469 [266 Cal.Rptr. 50].) The report states in pertinent part that ". . . bringing an action to trial, . . . may be impossible, impracticable, or futile due to facts not reasonably within the control of the plaintiff. [¶] Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial." (17 Cal. Law Revision Com. Rep., *supra,* at p. 936.)

 In *Chin* v. *Meier, supra,* 235 Cal.App.3d 1373, we held that section 583.340, subdivision (c) tolling includes the aggregate time a case is continued because of courtroom unavailability. (See also *Rose* v. *Scott, supra,* 233 Cal.App.3d 537, 542.) Although *Chin* v. *Meier* was a five-year dismissal case, the same tolling principle applies to the section 583.320, subdivision (a)(3) three-year nondiscretionary dismissal statute. (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (The Rutter Group 1991) ¶ 11:274, p. 11-98.1.)

We conclude that the three-year period was tolled three hundred fourteen days during the following trial continuances because of courtroom unavailability:

Period 1—January 8, 1990, trial date continued on the court's motion to March 5, 1990 (56 days).

Period 2—March 13, 1990, trial date continued on the court's motion to July 30, 1990 (139 days).

Period 3—July 30, 1990, trial date continued on the court's motion to November 13, 1990 (106 days).

request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

[3]Government Code section 68081 provides: "Before the Supreme Court, a court of appeal, or the appellate department of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the mater through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."

Period 4—November 13, 1990, case trailed to November 26, 1990, until respondent's motion to dismiss was granted (13 days).[4]

This statutory construction is consistent with the Law Revision Commission Comments that "[t]he provisions of subdivision (c) must be interpreted liberally, consistent with the policy favoring a trial on the merits. See Section 583.130 (policy statement)." (17 Cal. Law Revision Com. Rep., *supra*, at p. 936.)

Court congestion is not a valid basis for denying a litigant his or her day in court. (*Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 807 [69 Cal.Rptr. 305, 442 P.2d 361]; *Biondi, Flemming & Gonzales* v. *Braham* (1990) 218 Cal.App.3d 842, 848 [267 Cal.Rptr. 365].) "[I]t is clear that so long as the court may conclude that there was a period of impossibility, impracticability or futility, over which plaintiff had no control, the court is required to toll that period even if there is ample time after said period of impracticability within which to go to trial." (*New West Fed. Savings & Loan Assn.* v. *Superior Court* (1990) 223 Cal.App.3d 1145, 1155 [273 Cal.Rptr. 37].)

■ Finally, we reject respondent's claim that appellant should be foreclosed from relying on the theory of *Chin* v. *Meier, supra,* 235 Cal.App.3d 1373, for the first time on appeal. Where, as here, there is an intervening clarification of the law between the ruling challenged and its resolution on appeal and the facts with respect to the contention appear to be undisputed, an appellate court may reach the contention on its merits. (*Seeley* v. *Seymour* (1987) 190 Cal.App.3d 844, 856 [237 Cal.Rptr. 282]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) § 323, pp. 333-334.)

The United States Supreme Court has indicated that "[a]s a rule, judicial decisions apply 'retroactively.' [Citation.] Indeed, a legal system based on precedent has a built-in presumption of retroactivity." (*Solem* v. *Stumes* (1984) 465 U.S. 638, 642 [79 L.Ed.2d 579, 586, 104 S.Ct. 1338].) The California Supreme Court has similarly so indicated. (*Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978 [258 Cal.Rptr. 592, 772 P.2d 1059].) "A court may decline to follow the standard rule when retroactive application of a decision would raise substantial concerns about the effects of the new rule on the general administration of justice, or would unfairly undermine the reasonable reliance of parties on the previously existing state of the law." (*Id.*, at p. 983.) No such considerations are here present. We give full retroactive effect to *Chin* v. *Meier, supra,* 235 Cal.App.3d 1473.

---

[4]The record unequivocally shows that the matter was continued during these periods because of "courtroom congestion." Contrary to respondent's claim, it simply cannot demonstrate courtroom availability during the 314 aggregate days that the case was continued.

The judgment of dismissal is reversed. Appellant is awarded costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 15, 1992.