Filed 11/24/14  Colavincenzo v. Corby Gould Pools CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NORMAN J. COLAVINCENZO, | H039430 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M83809) |
| v. | |
| CORBY GOULD POOLS, INC., et al., | |
| Defendants and Respondents. | |

On March 27, 2007, plaintiff Norman J. Colavincenzo, as Trustee of the Pescadero Point Revocable Directional Holding Trust, sued 11 defendants for defects in the multimillion dollar construction/renovation of a swimming pool and spa in Pebble Beach. Between 2007 and 2012, various defendants obtained multiple continuances over Colavincenzo's objections.  Most of the defendants settled.  In 2012, the four remaining defendants moved to dismiss the case for failure to bring it to trial within five years (Code Civ. Proc., § 583.360).[1]  The trial court granted the motions of defendants Aloha Pool & Spa (Aloha) and Corby Gould Pools, Inc. (Corby) and dismissed Colavincenzo's complaint against them with prejudice.[2]

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] The trial court denied the motions of the other two defendants, Earl Adams Tile Coping and Plastering, Inc. (Adams) and Associated Rebar (Associated), finding that

Colavincenzo appeals from the trial court's orders granting Aloha's and Corby's motions. He contends that the trial court (1) improperly based the dismissals on delays entirely outside of his control, (2) erred in ruling that the doctrine of equitable estoppel did not bar Aloha's and Corby's motions, (3) erred in finding Colavincenzo responsible for the running of the five-year statute, (4) exceeded its jurisdiction in *sua sponte* reversing its prior rulings that the five-year statute was tolled, (5) erred in finding that the discovery stay imposed by the special master was only partial, (6) erred in depriving Colavincenzo of the benefit of tolling "merely because [he] stated [he] was prepared to try the case prior to the running of the statute," and (7) erred in dismissing Aloha and Corby with prejudice. We reverse the orders.

## I. Background

The complaint was filed on March 27, 2007, and trial was originally set for October 25, 2010. A special master was appointed in 2008 to manage the litigation. In February 2009, a stipulated case management order stayed formal discovery "except for good cause demonstrated on application to the Special Master." Colavincenzo's repeated efforts to have the stay lifted were unsuccessful but in April 2010, the special master ordered defendants to undertake destructive testing and to provide certain other information.

In September 2010, four defendants that have since settled moved to continue the trial on the ground that the stay of formal discovery made it "logistically impossible" to adequately prepare for trial. At the hearing before the Honorable Kay T. Kingsley, Colavincenzo asked for "the earliest date" the court could accommodate and suggested

they were judicially estopped from reversing the positions they took to obtain a continuance beyond the five-year deadline. Adams and Associated petitioned this court for a writ relief. (*Associated Rebar et al. v. Monterey Superior Court (Colavincenzo et al.)*, H039407.) By separate order, we summarily deny their petition.

2

January or February 2011. The court observed, "You're at four years next March" but "we're a small court with few judges." The court told the parties that "the soonest" available date was "possibly" late April. The court continued the trial to June 6, 2011.

The discovery stay was lifted in April 2011. In May 2011, a defendant that has since settled sought a further continuance after its counsel suffered a brain hemorrhage. Adams, Associated, and a third defendant joined in the motion. The moving parties claimed insufficient discovery. Colavincenzo and six other parties were unable to participate in the hearing because their court call was transferred to the wrong department. The trial court continued the trial to February 6, 2012.

In January 2012, Colavincenzo applied ex parte to continue the trial to March 19, 2012 or to a date certain before the five-year deadline, to give the parties "the best possible shot" at resolving the case short of trial. The application was unopposed. The trial court continued the trial to March 19, 2012. It ordered the parties to proceed with mediation.

On February 29, 2012, Adams, Associated, and a third defendant applied ex parte to continue the trial until August 2012 because their counsel were in trial in Napa in another matter. The trial was expected to last "at least four months." Defendants acknowledged in their motion papers that "there is no question of plaintiff failing to diligently prosecute its case. Rather, it is the unavoidable circumstances of defense counsel which require a continuance of the trial." Adams and Associated argued as an alternative ground for the requested continuance that the stay of formal discovery made it "impossible, impracticable, or futile" to bring the case to trial by March 19, 2012. They declared that "the lengthy discovery stay created a situation where, for an extended period of time, bringing the case to trial was simply not possible." They argued that "[s]ome or all of this period of time should be excluded from the five years, which allow[s] more than enough time for a continuance of this trial. Plaintiff will therefore not

3

find itself subject to the five-year statute because when the tolling during the discovery stay is taken into account, this case is nowhere near the five-year limit."

Colavincenzo opposed the continuance, expressing concern that those defendants that had ignored his ex parte application would "swoop in if the Court continued this matter, and try to seek dismissal of the case against them." Judge Kingsley responded that she had discretion to find that the discovery stay tolled the five years, "which means that they can't make that argument." "So I appreciate your concern about the five years, but I think your position is protected if the Court determines that the five years was tolled for the period of time that the discovery was tolled in this case." "I am determining that the period of time that discovery was stayed in this case by the Special Master has also tolled the five-year statute for purposes of when that would have run . . . ." The trial court declined Colavincenzo's suggestions to have the case trail the Napa case or to set a status conference for an update on the progress of the Napa case. The court vacated the March 19, 2012 trial date, scheduled a March 9, 2012 trial setting conference, and instructed Adams's counsel to prepare an order.

Colavincenzo's counsel approved the form of the proposed order that Adams's counsel prepared, and Adams submitted it to the trial court on March 5, 2012. Both counsel assumed that the order was filed. Colavincenzo learned later that the trial court had returned it to Adams's counsel unsigned and unfiled.

At the March 9, 2012 trial setting conference, Colavincenzo reiterated that his "main concern" was the five-year statute. Judge Kingsley responded that "[t]he finding that I made [at the February 29, 2012 hearing], and I believe it was supposed to be incorporated into an order after hearing by [Colavincenzo's counsel], which I don't see yet, the -- *I found that the five-year statute was tolled* during the time that the matter was stayed by the special master." (Italics added.) "So you've got whatever additional time, *which I think was about two years*, to get it to trial based on that determination. Now . . . , you need to get an order I think would be appropriate, *but I think we have*

4

*everybody here now that can hear that was the Court's determination*." (Italics added.) The court told the parties that an October 1, 2012 trial date was the earliest the calendar could accommodate. The court rejected Colavincenzo's suggestion that it order defendants to give notice when their Napa trial ended. The court continued the trial to October 29, 2012, seven months past the five-year deadline.

Discussions about revising the earlier order (which everyone assumed had been filed) to specify the starting and ending dates of the tolled period followed. Colavincenzo's counsel volunteered to submit a proposed order by April 30, 2012.

The Napa case settled on March 12, 2012. Notwithstanding numerous e-mail and telephone requests by Colavincenzo for status updates, defendants did not apprise him or the court of the settlement.

The proposed order that Colavincenzo had volunteered to submit by April 30, 2012 was not circulated until May 23, 2012. It specified the tolled period as February 2009 to April 27, 2011. No defendant objected to the specified period of tolling. Colavincenzo's counsel "inadvertently" neglected to file the proposed order.

On October 24, 2012, Colavincenzo's counsel told the court that he was in trial in Santa Barbara in another matter. He applied ex parte for an order that trial in this matter would trail the Santa Barbara trial. The court denied the application because of its concern "about the five years." The court explained that "there was an agreement [at the February 29 and March 9, 2012 hearings] that we were safe continuing [the trial] six months, which is [why] we put it out from the March to the October date -- maybe a little bit more than that, because I agreed that there could be some tolling because of the stay on discovery imposed by the Special Master." The court noted that the discovery stay was not "a complete and absolute stay . . . ." The court told Colavincenzo, "I think there's a strong argument to be made that the five years [were not] tolled from February 26, 2009, which is when the Special Master's Order putting stays on discovery and restrictions on discovery in place [was filed], through April 27, 2011." However, "I

5

think you can make a strong argument that it was tolled from February 26, 2009, maybe, although there wasn't a complete stay . . . ." Judge Kingsley said she never received the proposed order that Colavincenzo was supposed to have prepared by April 30, 2012. Nonetheless, "I think you probably are on good grounds as Plaintiff[] that everybody has agreed that it's tolled through October 29th, but if you don't get started on October 29th, you may have a tolling problem of the five years. . . . [¶] . . . [¶] . . . And without an order clearly stating when it's tolled from and if we're not ready to go on the 29th, my next setting would be an OSC on whether it is mandatory, whether the Court is required to dismiss it because we've gone beyond the five years." Counsel for Aloha then requested that "if the Court is continuing this trial as set presently [for October 29, 2012], I'd ask the Court to make it clear that it is without prejudice to the Defendants to raise the five-year issue." Counsel for Adams concurred. The trial court denied the application to continue the trial beyond October 29, 2012, "because this Court is concerned, and I don't want to run afoul and let this get it out of the five years . . . I'm going to deny your ex parte application to trail it to the 2nd [of November]. It's also just not feasible."

The parties appeared for trial on October 29, 2012. Judge Kingsley noted that the parties had exchanged competing orders specifying the tolled period but "[n]o order was ever submitted" to the court. She announced that "[t]he Court on its own motion, and within its inherent authority and under CCP 1008 is reconsidering its decision, and vacating it. I think it should be determined fresh, anew by the trial court."

The case was assigned to the Honorable Thomas W. Wills. The four remaining defendants promptly filed separate motions to dismiss (§ 583.360) asserting that the partial stay of discovery had not tolled the five-year statute.

Colavincenzo argued in opposition that defendants were estopped from moving to dismiss because the trial was continued beyond the five-year point on their express representations that the five-year statute was tolled by the stay of formal discovery. He calculated that the statute was tolled for a minimum of 33 months: 26 months while

6

formal discovery was stayed plus seven months from March 19 to October 29, 2012, the date the trial was continued beyond the five-year mark over his objections. He argued that he had been reasonably diligent and "could not have done more to bring this matter to trial sooner."

The trial court held a hearing on November 19, 2012. Judge Wills declared that the question of tolling involved "two distinct periods." The first was when discovery was stayed. The second was when certain defense counsel were in trial in Napa. The court opined that any stay was "at best here, . . . only a partial stay" since the case management order "contemplate[d]" some discovery. The court stated (incorrectly) that Judge Kingsley "wasn't presented with the actual case management order" and thus had to take "on faith what the parties are telling her: That there was a complete stay of discovery, and there wasn't." The court opined that "the judge did not have an opportunity to rectify the assignment of a trial date at the end of October because the order was never presented to be signed. And it's clear, Judge Kingsley did not know the period of any -- any stay that had been ordered by the special master." "So I do not believe that it was impossible, impracticable, or futile to get it to trial because of the order made by the special master."

The court next addressed the period of time when some defense counsel were in trial in Napa, noting that Colavincenzo opposed those defendants' request for a continuance. "And because that period . . . occurred with less than six months remaining on the [five-year] statute, then six months gets tacked on." (§ 583.350.) The court did not mention defendants' failure to apprise the court or Colavincenzo when their Napa case settled. The court stated that the end of the period of tolling on account of the Napa trial "would have been March 12th, when that settled." "But that would give [you] only until September 12, 2012 to try it." "[N]obody said exactly what the period of tolling is going to be" and no order was presented, so "the judge ha[d] no way to try to rectify or correct that trial log." The court withheld a ruling until the next day.

7

Colavincenzo argued in supplemental briefing that the five-year statute was tolled notwithstanding the procedure for discovery described in the case management order because that procedure was denied to him. He also argued that his failure to submit a formal order was of no moment since Judge Kingsley was well aware of the case management order's terms and would not have changed her ruling had a formal order been submitted. Finally, Colavincenzo argued that even if the trial court's tolling finding was wrong, the error should not be attributed to him because any such error was a circumstance beyond his control.

On November 20, 2012, the court granted Aloha's and Corby's motions and dismissed them from the case with prejudice.

The parties stipulated that the five-year period would be tolled from November 20, 2012 until six months after a final decision from this court. Colavincenzo filed a timely notice of appeal.[3]

## II. Discussion

### A. Impossibility

Colavincenzo maintains that courtroom unavailability and Judge Kingsley's rulings with respect to tolling and the five-year statute were matters outside of his control that made it impossible to bring the case to trial within five years. He contends that Judge Wills abused his discretion in concluding otherwise. We agree.

"An action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) "An action shall be dismissed by the court on its

---

[3] Colavincenzo also petitioned for a writ of mandate compelling the trial court to overturn the orders. (*Colavincenzo v. Superior Court (Aloha Pool et al.)*, H039294.) On January 7, 2014, we issued an order to show cause why the petition should not be granted. (*Ibid*.) Because his writ petition raises the same issues as the appeal, which we decide in his favor, we will discharge the order to show cause and deny the writ petition as moot. (*Barham v. Superior Court* (1941) 18 Cal.2d 889.)

own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed by this article." (§ 583.360, subd. (a).) "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).)

Colavincenzo initiated this action on March 27, 2007. Unless a statutory exception applies, the last day to bring the case to trial was March 27, 2012. (§§ 583.310, 583.360.)

In computing the five-year period, the trial court must exclude the time during which it was "impossible, impracticable, or futile" to bring the case to trial. (§ 583.340, subd. (c); *Rose v. Knapp* (1951) 38 Cal.2d 114, 118.) The determination must be made "'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' [Citations.]" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730-731 (*Bruns*).) "'"The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the statutory five-year constraint] *due to causes beyond his or her control.*"' [Citation.]" (*Id.* at p. 731.) "Impossibility occurs when there is no courtroom available." (*Rose v. Scott* (1991) 233 Cal.App.3d 537, 542 (*Rose*).) Impossibility also occurs when a trial court denies a motion to set the matter for trial "solely because of its mistaken belief that the five-year statute was tolled." (*Pat Rose Associates v. Coombe* (1990) 225 Cal.App.3d 9, 17 (*Pat Rose Assoc.*), disapproved on another ground in *Adams v. Murakami* (1991) 54 Cal.3d 105, 115-116.) "'The excuse must be liberally construed as applied to the bringing to trial requirement. This . . . is in recognition of the fact that . . . bringing a case to trial frequently may be hindered by causes beyond the plaintiff's control.'" (*Pat Rose Assoc.*, at p. 17.)

9

"The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340(c) exception. [Citation.] . . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. [Citations.]" (*Bruns*, *supra*, 51 Cal.4th at p. 731.)

Colavincenzo met his burden here. The record amply supports a finding that he exercised reasonable diligence in prosecuting the case. Despite the two-year stay of formal discovery and other obstacles, he was prepared to go to trial on March 19, 2012. "Plaintiff had prepared a defect list and cost of repair with the participation of a team of experts, had participated in over a dozen depositions since the lifting of the discovery stay, and exchanged voluminous document productions."

The trial was continued beyond the five-year mark over Colavincenzo's objections. Judge Kingsley assured him on the record that his position was "protected" by the court's express finding that the stay of formal discovery tolled the five-year statute for "about two years." No party challenged that general finding. Additionally, "not a single defendant objected to the dates" when Colavincenzo belatedly circulated the proposed order specifying that the tolled period ran from February 2009 to April 27, 2011.

On this record, Judge Kingsley's ruling that the five-year statute was tolled, her decision to continue the trial beyond the five-year mark, and her decision to vacate her ruling seven months after the deadline passed were circumstances beyond Colavincenzo's control. (*Pat Rose Assoc.*, *supra*, 225 Cal.App.3d at pp. 16-17.) The court's calendaring constraints were similarly beyond Colavincenzo's control. (*Rose*, *supra*, 233 Cal.App.3d at p. 542.) There was no lack of diligence on Colavincenzo's part. Instead,

circumstances beyond his control made it "impossible" to bring the case to trial before the five-year deadline. (§ 583.340, subd. (c).)

Judge Wills's lack of diligence finding was based on Colavincenzo's failure to submit the proposed order to Judge Kingsley by April 30, 2012. The court reasoned that because Judge Kingsley "wasn't presented with the actual case management order," she had to take "on faith what the parties are telling her: That there was a complete stay of discovery, and there wasn't." The record does not support this assertion. Judge Kingsley signed a February 11, 2011 pretrial order stating that "[a]ll discovery, except as set forth below, continues to be stayed, except for good cause demonstrated on application to the Special Master, and as provided in this and any future Case Management Order approved by the Special Master and the Court." Additionally (and contrary to Judge Wills's assertion) a copy of the case management order was attached to Adams's February 29, 2012 ex parte application to continue the trial. Judge Kingsley also told the parties at the February 29, 2012 hearing that she was "satisfied with my review of the file and my familiarity because I'm aware of [the special master's] situation." Thus, Judge Kingsley did not need to "take on faith what the parties were telling her." She was well aware of the terms of the case management order and of the status of discovery in the case when she made her tolling finding and continued the trial to October 29, 2012.

Judge Wills also concluded that Judge Kingsley "did not have an opportunity to rectify the assignment of a trial date at the end of October because the order was never presented to be signed. And it's clear, Judge Kingsley did not know the period of any -- any stay that had been ordered by the special master." The statement assumes that a proposed order delineating the precise dates of the tolled period would have caused Judge Kingsley to recognize some "error" and change her ruling. The assumption is flawed. Judge Kingsley took pains to ensure that her February 29, 2012 ruling was "crystal clear" to Colavincenzo. No defendant asserted any error at the hearing. No defendant objected to the specified period of tolling (February 2009 to April 27, 2011) when the proposed

11

order after hearing was belatedly circulated to all counsel. The 26-month period that the proposed order specified was entirely consistent with Judge Kingsley's estimate of "about two years."

Even if Judge Kingsley mistakenly found the five-year statute tolled, the mistake cannot be attributed to Colavincenzo. (*Pat Rose Assoc.*, *supra*, 225 Cal.App.3d at p. 17.) He kept the five-year issue at the forefront. He opposed Adams's and Aloha's application to continue the trial beyond the five-year deadline. He should not be penalized because the trial court's calendar constraints precluded a trial date before October 2012. (*Rose*, *supra*, 233 Cal.App.3d at p. 542.) The eight-month period between Judge Kingsley's February 29, 2012 ruling and her October 29, 2012 vacation of that ruling should have been excluded from the computation of the five-year period. (§ 583.340, subd. (c).) The deadline should have been extended six months beyond that. (§ 583.350.). Judge Wills misapplied the law when he dismissed the case against Aloha and Corby. "'A trial court's decision that rests on an error of law is an abuse of discretion.'" (*Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1361.)[4] The orders granting Aloha's and Corby's motions and dismissing them from the case must be reversed.

## B. Defendants' Arguments

Defendants' arguments do not persuade us otherwise. Aloha relies on *Bruns* to support its argument that the stay of formal discovery did not toll the five-year statute because the stay was only partial. *Bruns* construed section 583.340, subdivision (b),

---

[4] Our conclusion makes it unnecessary for us to address Colavincenzo's additional arguments (1) that equitable estoppel barred all four moving defendants from obtaining dismissal based on Colavincenzo's failure to bring the case to trial within five years and likewise barred the trial court from granting Aloha's and Corby's motions, (2) that Judge Kingsley lacked the authority to vacate her original ruling, and (3) that Judge Wills's no-tolling ruling was unsupported by substantial evidence.

which automatically excludes from the five-year period any time during which "'[p]rosecution or trial of the action was stayed or enjoined.'" (*Bruns*, *supra*, 51 Cal.4th at p. 721.) *Bruns* holds that the subdivision (b) exclusion applies "only when the stay encompasses *all* proceedings in the action." (*Bruns*, at p. 722.) *Bruns* does not hold that a partial stay of proceedings can never be excluded from the five-year period. As the court observed, partial stays are governed by section 583.340, subdivision (c). (*Bruns*, at p. 730.) "The Court of Appeal did not consider whether subdivision (c) of section 583.340 applied to those time periods in which a partial stay was in effect because it found those time periods came within subdivision (b)." (*Bruns*, at p. 732.) The high court remanded the case to allow the Court of Appeal to consider whether the trial court abused its discretion in not excluding the time periods in which a partial stay was in effect under the subdivision (c) exclusion. (*Ibid.*) Aloha's reliance on *Bruns* is misplaced.

Aloha next argues that the trial court properly granted its motion to dismiss because the stay of formal discovery did not make it impossible, impracticable or futile for Colavincenzo to bring this case to trial within five years. Aloha bases this argument on Colavincenzo's statement that he was prepared to go to trial on March 19, 2012, despite the two-year stay of formal discovery and other obstacles. Aloha ignores the fact that Judge Kingsley continued the trial over Colavincenzo's objection. It ignores the fact that Judge Kingsley assured Colavincenzo on the record on February 29, 2012, and again on March 9, 2012, that his position was "protected" by her express finding that the stay of formal discovery tolled the five-year statute for "about two years." Whether Colavincenzo was prepared to go to trial makes no difference here. Whether Judge Kingsley's initial tolling ruling was correct or incorrect also makes no difference because even if she mistakenly found the statute tolled, the mistake cannot be attributed to Colavincenzo. (*Pat Rose Assoc.*, *supra*, 225 Cal.App.3d at p. 17.) Judge Kingsley's ruling that the five-year statute was tolled, her decision to set the trial months after the

13

deadline (in part because of calendar constraints), and her decision to vacate her ruling seven months later were circumstances beyond Colavincenzo's control that made it impossible for him to bring the case to trial before the five-year deadline. (*Pat Rose Assoc.*, at pp. 16-17; *Rose*, *supra*, 233 Cal.App.3d at p. 542.)

Aloha and Corby maintain that Colavincenzo was not reasonably diligent in prosecuting the action. Aloha conclusorily asserts that his failure to submit the order "giving the parties notice of the new October 29, 2012 trial date" and specifying the tolled period was "another example of [his] failure to diligently prosecute this case and deal with the five year statute issue." Aloha does not develop this argument further or cite relevant authority. Nor does it explain how timely submission of the proposed order would have made a difference where it was undisputed that all parties had notice of the new trial date and no one raised any objection to the proposed period of tolling. "'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.] 'We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' [Citations.]" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Here, where Aloha failed to support its argument with reasoned argument or citations to authority, we reject the contention as not properly raised.

Corby makes a similar argument, asserting that Colavincenzo "breached his duty to inform the court of the statutory deadline" and "negligently relied on the October 29, 2012 trial date." Corby asserts that if Colavincenzo had timely presented the proposed order, "both the Court and Plaintiff could have taken steps to avoid the running of the statute, such as making a motion for preference or setting a new trial date." There are a number of problems with this argument. First, it incorrectly assumes that Judge Kingsley was unaware of the statutory deadline. The record establishes the fallacy of any

14

such assumption.  The argument also ignores the fact that October 1, 2012 (six months beyond the five-year deadline) was the earliest date the court's calendar could accommodate.  Most importantly, it ignores the fact that Judge Kingsley had already determined on the record that the stay of formal discovery tolled the five-year statute for "about two years."  Colavincenzo was entitled to rely on the trial court's assurance that his position was protected.  (See *Moran v. Superior Court* (1983) 35 Cal.3d 229, 240.) We reject Corby's argument that Colavincenzo was not reasonably diligent.

## III.  Disposition

The December 18, 2012 and December 21, 2012 orders granting Aloha's and Corby's motions to dismiss are reversed.

15

_____
Mihara, J.

WE CONCUR:


_____
Premo, Acting P. J.


_____
Elia, J.


16