Filed 9/16/16  Steiner v. Thexton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARTIN A. STEINER, | |
| Plaintiff and Appellant, | C075266 |
| v. | (Super. Ct. No. 04AS04230) |
| PAUL THEXTON, as Trustee, etc., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Respondent; | |
| SIDDIQUI FAMILY PARTNERSHIP, | [NO CHANGE IN JUDGMENT] |
| Intervener and Appellant. | |

THE COURT:

It is ordered that the opinion filed in this case on August 18, 2016, be modified as follows:

1

On page 16, first full paragraph, third sentence, after "Meanwhile, SFP argued in" delete "the trial court" and replace with "the reply in support of Steiner and SFP's motion for a trial setting conference" so that the sentence now reads:

Meanwhile, SFP argued in the reply in support of Steiner and SFP's motion for a trial setting conference that Steiner's bankruptcy petition did not affect SFP's interest in the agreement.

On page 16, second full paragraph, first sentence, after "Steiner and SFP say it was futile" insert "and impracticable" so that the sentence now reads:

Steiner and SFP say it was futile and impracticable to pursue a trial setting while Steiner's bankruptcy was pending because counsel for Thexton asserted, during a telephone conversation with counsel for SFP, that SFP could not pursue this action while Steiner was in bankruptcy; the trustee in Steiner's bankruptcy action warned SFP's counsel not to take any action on behalf of Steiner; Thexton made informal offers to purchase Steiner's claims against Thexton from the trustee in Steiner's bankruptcy action; and SFP informed the trustee in Steiner's bankruptcy action of its intent to outbid any offers to purchase Steiner's claims against Thexton.

On page 17, first line, after "completely ineffective" insert "or excessively and unreasonably difficult or expensive" so that the sentence now reads:

None of the circumstances Steiner and SFP describe shows it would have been completely ineffective or excessively and unreasonably difficult or expensive for Steiner to seek relief in the bankruptcy court so that the trustee or Steiner could prosecute this action.

On page 17, first citation, insert "*Bruns, supra,* 51 Cal.4th at pp. 730-731 [defining impracticable and futile as excessively and unreasonably difficult or expensive, in light of all the circumstances];" before "see *Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340" so that the citation now reads:

(*Bruns, supra,* 51 Cal.4th at pp. 730-731 [defining impracticable and futile as excessively and unreasonably difficult or expensive, in light of all the circumstances]; see *Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340 (*Tejada*) ["Uncooperative conduct by a defendant does not justify inaction on the part of a plaintiff."].)

On page 23, first full paragraph, third sentence, after "Thexton or his counsel;" insert "for example" so that the sentence now reads:

In fact, although reliance is an element of equitable estoppel (*Biss v. Bohr* (1995) 40 Cal.App.4th 1246, 1252 (*Biss*)), Steiner and SFP did not rely on the conduct of Thexton or his counsel; for example, they moved for a trial setting conference and opposed delaying the setting of a trial date.

On page 23, first full paragraph, after the third sentence, insert the following sentences:

The cases Steiner and SFP rely on are factually distinguishable. In *Rose v. Scott* (1991) 233 Cal.App.3d 537, the defendants were estopped to assert the statutory dismissal period because the trial court granted their motions to continue the trial setting conference and then the trial date. (*Id.* at p. 541.) In *Holder v. Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, defense counsel's requests for a continuance resulted in a trial date that was beyond the statutory dismissal period. (*Id.* at p. 342.) Here, the trial court gave Steiner and SFP what they asked for: a trial setting conference. The trial court did not grant a defense request for a continuance.

On page 23, first full paragraph, second to last sentence, delete "In addition" so that the sentence now reads:

Steiner and SFP did not meet their own responsibility to exercise the requisite reasonable diligence.

On page 23, first full paragraph, last sentence, after "inform the trial court they" delete "were facing dismissal and" so that the sentence now reads:

3

They did not inform the trial court they needed an earlier trial date even though the trial court was assigning trial dates that were past the three-year dismissal period.

This modification does not change the judgment.

The petition for rehearing is denied.

FOR THE COURT:


_____/S/_____
MAURO, Acting P. J.


_____/S/_____
MURRAY, J.

4

Filed 8/18/16  Steiner v. Thexton CA3 (unmodified version)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARTIN A. STEINER, | |
| Plaintiff and Appellant, | C075266 |
| v. | (Super. Ct. No. 04AS04230) |
| PAUL THEXTON, as Trustee, etc., | |
| Defendant and Respondent; | |
| SIDDIQUI FAMILY PARTNERSHIP, | |
| Intervener and Appellant. | |

When a judgment is reversed on appeal and the matter is remanded for a new trial, the action must be brought to trial within three years after the remittitur is filed in the trial court.  (Code Civ. Proc., § 583.320, subd. (a)(3).)[1]  An action that is not brought to trial within the time prescribed by statute shall be dismissed.  (§ 583.360, subd. (a).)  Dismissal is mandatory except as provided by statute.  (§ 583.360, subd. (b).)

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

In this case, Martin A. Steiner sued Paul Thexton for specific performance of a real estate purchase agreement, and the Siddiqui Family Partnership (SFP) filed a complaint in intervention also seeking specific performance of that agreement. The trial court ultimately dismissed the action pursuant to section 583.320 because Steiner and SFP did not bring the matter to trial within three years from the filing of a remittitur.

Steiner and SFP now contend (1) it was impossible, impracticable, or futile to bring the action to trial within the three years; (2) the trial court should not have considered their lack of reasonable diligence; (3) the trial court erred in failing to consider whether Thexton was equitably estopped from seeking the dismissal; and (4) the trial court erred in granting Thexton's motion for attorney's fees and denying the motion by Steiner and SFP to tax expert witness fees as costs. For his part, Thexton requests (5) that this court impose monetary sanctions against Steiner and SFP, arguing that they have brought a frivolous appeal and appeal solely to cause delay.

We conclude (1) the trial court did not err in concluding it was not impossible, impracticable, or futile for Steiner and SFP to bring the action to trial within three years after the remittitur was filed in the trial court; (2) it was not error for the trial court to consider the diligence of Steiner and SFP; (3) Steiner and SFP cannot establish equitable estoppel as a matter of law on this record; (4) the trial court erred in denying the motion to tax expert witness fees, but Steiner and SFP fail to demonstrate error in the attorney's fee award, and (5) Thexton fails to demonstrate that the circumstances warrant sanctions.

We will modify the judgment to strike the award of expert witness fees and affirm the judgment as modified.

## BACKGROUND

Steiner sued Thexton to obtain specific performance of a real estate purchase agreement. Pursuant to the agreement, Steiner would undertake to obtain a parcel split and develop 10 acres of a 12.29-acre property. The parties contemplated that it would take one to three years for Steiner to subdivide the property. The agreement further

2

provided that Steiner could elect to cancel the agreement at any time before the close of escrow. If the agreement was terminated prior to the close of escrow, Steiner would give Thexton all information and documents Steiner obtained from independent experts and consultants concerning the property.

Thexton asserted over 20 affirmative defenses in response to Steiner's complaint, including the assertion that the agreement was an unenforceable option that lacked consideration. Thexton sought dismissal of the action with prejudice, costs of suit, and attorney's fees.

The trial court permitted SFP to file a complaint in intervention. SFP alleged that Steiner assigned part of his interest in the agreement to SFP, and SFP and Steiner expended large sums to develop the property pursuant to the terms of the agreement. SFP further alleged that Thexton breached the agreement by cancelling the escrow and refusing to execute documents for the parcel split and 1031 exchange that Steiner and SFP planned to use to finance the purchase of the property. SFP sought specific performance of the contract and reformation.

After a bench trial, the trial court entered judgment for Thexton and against Steiner and SFP, ruling that the agreement was an unenforceable option that lacked consideration. Because the ruling was dispositive on the claims for specific performance, the trial court said it did not need to rule on Thexton's other affirmative defenses.

Pursuant to an attorney's fee clause in the agreement, the trial court awarded Thexton $85,279 in attorney's fees. The trial court awarded Thexton $5,560 in expert witness fees as a component of attorney's fees recoverable under a contract.

Steiner and SFP appealed from the judgment and the order awarding Thexton attorney's fees. (*Steiner v. Thexton* (2010) 48 Cal.4th 411, 414-415.) This court affirmed the judgment and the attorney's fees award, finding that the agreement was an option lacking consideration and that promissory estoppel did not require enforcement of the agreement. (*Ibid.*) The California Supreme Court reversed, agreeing that the agreement

3

was an option but holding that the substantial efforts and expenditures by Steiner and SFP in performing the bargained-for promise to seek a parcel split constituted sufficient consideration to render the option irrevocable. (*Id.* at pp. 415, 418-419, 422-425.) The Supreme Court noted, however, that Thexton's additional affirmative defenses could be considered on remand. (*Id.* at p. 425, fn. 14.) The Supreme Court did not address the challenge to the attorney's fee order.

This court issued a remittitur to the trial court on May 10, 2010, but recalled the remittitur because of an erroneous award of costs on appeal. This court issued a second remittitur on May 13, 2010. That remittitur was filed in the trial court on May 24, 2010.

Nearly nine months later, counsel for SFP sent a letter to the presiding judge of the trial court, explaining that the Superior Court of Sacramento County, Local Rules, rule 1.07 required remanded cases to be automatically reassigned for trial, but Steiner and SFP had not received a notice of trial setting since the remittitur had been issued. Counsel asked the presiding judge to assign the case to the trial setting calendar. Counsel's letter is dated February 14, 2011. Counsel did not receive a reply to his letter.

Steiner filed for Chapter 7 bankruptcy on February 25, 2011. The bankruptcy court granted Steiner a discharge on June 15, 2011, and closed Steiner's bankruptcy case on August 23, 2011.

Steiner and SFP attempted to file a motion for a trial setting conference by leaving papers in the trial court's drop box on March 18, 2013, more than one and a half years after Steiner's bankruptcy case closed. The motion described the trial court's failure to automatically set the case for retrial and to respond to the February 14, 2011 letter from counsel for SFP. SFP's counsel averred, among other things, that the resolution of Steiner's bankruptcy case caused Steiner and SFP to wait before filing a motion for a trial setting conference. Steiner and SFP asked the trial court to reset the matter on the trial calendar, but they did not request preference in trial setting or alert the trial court that the three-year deadline for bringing the case to trial would expire on May 24, 2013 or on any

4

other date.  The trial court clerk rejected the motion for a trial setting conference because it was filed in the wrong department, and the clerk rejected an amended motion for a trial setting conference because of failure to pay a required fee.

On April 9, 2013, SFP filed an ex parte application for an order shortening time on its motion for a trial setting conference.  The ex parte application did not mention that plaintiffs needed to go to trial or face dismissal.  The trial court heard SFP's ex parte application on April 10, 2013.  The trial court gave Thexton nine days to file an opposition based on a request from Thexton's counsel.

Steiner and SFP filed an amended motion for a trial setting conference on April 10, 2013, asking the trial court to set a trial date.  The amended motion also said Steiner and SFP wanted a trial setting conference so their case could be reset on the trial court's trial and Case Management Program calendar.  The amended motion did not ask the trial court to advance the trial date or mention a deadline for bringing the case to trial.

Thexton filed an opposition to the motion for a trial setting conference on April 19, 2013.  He opposed setting a trial date but did not oppose a trial setting conference.  He nevertheless asked the trial court to continue the motion for approximately 60 days, asserting (1) it was unknown whether Steiner had standing to prosecute his claim because the assets of Steiner's bankruptcy estate would have defaulted to the bankruptcy trustee, and (2) setting a trial date would prejudice Thexton as he had no information about his ability to locate witnesses or represent himself in a new trial.

Steiner and SFP filed a reply brief on April 29, 2013, stating they were not opposed to an August or September 2013 trial date to allow Thexton to locate witnesses and prepare for trial.  August or September 2013 was more than three years after the filing of the remittitur in the trial court.  The reply did not ask the trial court to advance the trial date and did not mention a deadline for bringing the case to trial.  Steiner and SFP's motion for a trial setting conference was set to be heard on May 10, 2013.

5

The trial court issued a tentative ruling on Steiner and SFP's motion on May 9, 2013, granting the motion to assign the case to the "trial setting process" for selection of trial and mandatory settlement conference dates. The trial court said it was setting matters for trial approximately five to seven months out (i.e., October to December 2013), and thus "this reference should still provide the parties with sufficient time to determine the many issues raised by defendant regarding the current readiness of the case for trial." No appearance having been requested on May 10, 2013, the trial court adopted its tentative ruling as its order. The trial court ordered counsel to confer and agree upon trial and settlement conference dates and notify the trial court of the selected dates by July 10, 2013.

The parties presented conflicting declarations describing discussions between counsel for Thexton and for SFP which occurred in May and July, 2013. Counsel for SFP provided the following account: He sent Thexton's counsel an e-mail on May 22 asking for dates when Thexton's counsel was available for trial but received no response. He contacted Thexton's counsel again on July 8 and received a reply that Thexton's counsel was agreeable to any date in or around February 2014, except for three dates. He gave the trial court a date in February 2014 and two dates in March 2014 as potential trial dates.

The account from Thexton's counsel is as follows: Counsel for SFP contacted Thexton's counsel on May 22 and suggested setting a trial in early 2014. Thexton's counsel provided his trial schedule and told counsel for SFP "to pick virtually any other date that he wanted." He did not hear from counsel for SFP for several weeks. Counsel for SFP requested a February 2014 trial date when he next contacted Thexton's counsel.

The next entry in the clerk's register of actions is the assignment of trial and settlement conference dates. On July 10, 2013, the trial court set trial for February 18, 2014.

6

On July 18, 2013, Thexton moved to dismiss the action pursuant to section 583.320 because Steiner and SFP failed to bring the matter to trial within three years after the remittitur. Steiner and SFP countered that the three-year period was tolled for nine months when it was impossible, impracticable, or futile to bring the action to trial. They added that Thexton stipulated to a trial date beyond the three-year period when he agreed to the February 18, 2014 trial date.

The trial court granted Thexton's motion to dismiss, ruling that Steiner and SFP failed to demonstrate it was impossible, impracticable, or futile to commence the retrial within three years after the trial court filed the remittitur. The trial court found that Steiner and SFP did not act with the requisite reasonable diligence. It also noted at the hearing that none of the excuses Steiner and SFP offered precluded them from taking the initiative to move their case along. The trial court said SFP waited nearly nine months to contact the presiding judge of the trial court and even though it received no response to its letter, SFP waited over two years to attempt to file a motion for a trial setting conference. The trial court also pointed out that Steiner and SFP did not advise the trial court of the particular date when the three-year dismissal period would expire, and Steiner and SFP failed to move to advance their case on the trial calendar.

The trial court determined that although Steiner lacked standing to prosecute the action during the bankruptcy proceeding, it was not necessarily impossible, impracticable, or futile to bring the matter to trial within three years because the bankruptcy trustee could have substituted in and prosecuted this action on Steiner's behalf, or the trustee could have abandoned the claim and permitted Steiner to prosecute this action.

The trial court added that Thexton may have objected to setting a trial date but Steiner and SFP had numerous options to overcome the objection and they did nothing until March 2013, when the three-year period was nearing its end. The trial court said at the hearing that reasonable diligence required Steiner or SFP to inform Thexton that

7

plaintiffs had to get their case to trial by a date certain because the dismissal period was running, instead of having a "generalized discussion" about trial dates and acquiescing to a trial past the three-year period. The trial court rejected the argument by Steiner and SFP that Thexton stipulated to a trial date beyond the three-year period, noting there was no evidence of an oral agreement made in open court and entered in the minutes of the trial court or in a transcript. The trial court ruled there was no tolling and the three-year period expired on May 24, 2013. The trial court issued a judgment of dismissal.

Thexton filed a memorandum of costs seeking recovery of expert witness fees, among other things. He also moved for an award of attorney's fees pursuant to the agreement. Steiner and SFP opposed Thexton's motion for attorney's fees and moved to tax the expert witness fees Thexton sought to recover.

The trial court awarded Thexton $212,076.50 in attorney's fees and denied the motion by Steiner and SFP to tax expert witness fees as costs. Steiner and SFP appeal from the order of dismissal and judgment, the order denying the motion to tax expert witness fees, and the order awarding Thexton attorney's fees.

APPLICABLE LAW AND STANDARD OF REVIEW

A plaintiff must use reasonable diligence in prosecuting an action and all parties must cooperate in bringing the action to trial or other disposition. (§ 583.130.) An action must be brought to trial within three years after the remittitur is filed by the clerk of the trial court if, on appeal, judgment in the action is reversed and the action is remanded for a new trial. (§ 583.320, subd. (a)(3).) An action that is not brought to trial within the time prescribed by statute shall be dismissed.[2] (§ 583.360, subd. (a).) Dismissal is

---

[2] Section 583.320, subdivision (a) does not require the dismissal of an action prior to the expiration of the five-year period from the date of the original filing of the complaint. (§ 583.320, subd. (b).) The complaint and complaint in intervention were filed more than five years before the dismissal of this action.

8

mandatory and is not subject to extension, excuse, or exception except as expressly provided by statute. (*Id.* at subd. (b).) The dismissal statutes serve to " 'prevent[ ] prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses [and] to protect defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time. [Citations.]' [Citation.]" (*Sagi Plumbing v. Chartered Construction Corp.* (2004) 123 Cal.App.4th 443, 447 (*Sagi Plumbing*).)

The three-year dismissal statute applies to this action. The clerk of the trial court filed the remittitur on May 24, 2010. The action was not brought to trial within three years of that date. Accordingly, dismissal of the action is mandatory unless an exception applies that is expressly permitted by statute. (§ 583.360, subd. (b).)

Section 583.340 provides that the time during which any of the following conditions existed is excluded in computing the time within which an action must be brought to trial: (a) the jurisdiction of the court to try the action was suspended; (b) prosecution or trial of the action was stayed or enjoined; and (c) bringing the action to trial, for any other reason, was impossible, impracticable, or futile. (§ 583.340; *Good v. State* (1969) 273 Cal.App.2d 587, 591 [the impracticability and impossibility exception applies to dismissals under the three-year dismissal statute].) If the time within which an action must be brought to trial is tolled, with the result that at the end of the period of tolling less than six months remains within which the action must be brought to trial, the action shall not be dismissed if it is brought to trial within six months after the end of the period of tolling. (§ 583.350.)

We liberally construe section 583.340, consistent with the policy favoring trial on the merits. (§ 583.130; *Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 693.) We look to cases interpreting the five-year dismissal statute (section 583.310) in construing the three-year dismissal statute (section 583.320) because the tolling principles applicable to the five-year statute are the same as those that apply to the three-

9

year statute.  (*Hattersley v. American Nucleonics Corp.* (1992) 3 Cal.App.4th 397, 401 (*Hattersley*); *Mesler v. Bragg Management Co*. (1990) 219 Cal.App.3d 983, 995 (*Mesler*).)

The " 'impossible, impracticable, or futile' " exception is recognized because the purpose of the dismissal statute "is to prevent *avoidable* delay, and the exception makes allowance for circumstances beyond the plaintiff's control, in which moving the case to trial is impracticable for all practical purposes." (*De Santiago v. D & G Plumbing, Inc*. (2007) 155 Cal.App.4th 365, 371 (*De Santiago*); see *Gaines v. Fidelity National Title Ins. Co*. (2016) 62 Cal.4th 1081, 1102 (*Gaines*).)  A plaintiff seeking to apply the exception must prove (1) a circumstance of impossibility, impracticability or futility, (2) a causal connection between the circumstance of impossibility, impracticability or futility and the failure to move the case to trial within the statutory dismissal period, and (3) that the plaintiff was reasonably diligent in prosecuting the case at all stages of the proceedings. (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 326 (*Tamburina*) [cited with approval in *Bruns v. E-Commerce Exchange, Inc*. (2011) 51 Cal.4th 717, 731 (*Bruns*)]; see *De Santiago, supra,* 155 Cal.App.4th at pp. 375-377 [reasonable diligence]; *Sierra Nevada Memorial-Miners Hospital, Inc. v. Superior Court* (1990) 217 Cal.App.3d 464, 473 (*Sierra Nevada*) [causal connection].)

"[T]he trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves.  [Citations.]  The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.'  [Citations.]  A plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility. . . . Determining whether the subdivision (c) exception applies requires a fact-sensitive inquiry and depends 'on the obstacles faced by the plaintiff in prosecuting the action and

10

the plaintiff's exercise of reasonable diligence in overcoming those obstacles.' [Citation.] ' "[I]mpracticability and futility" involve a determination of " 'excessive and unreasonable difficulty or expense,' " in light of all the circumstances of the particular case.' " (*Bruns, supra,* 51 Cal.4th at pp. 730-731, italics omitted.) " '[S]o long as the court may conclude that there was a period of impossibility, impracticability or futility, over which plaintiff had no control . . . , the court is required to toll that period even if there is ample time after said period of impracticability within which to go to trial.' [Citation.]" (*Chin v. Meier* (1991) 235 Cal.App.3d 1473, 1478; see *Hattersley, supra,* 3 Cal.App.4th at p. 402.)

We independently construe section 583.110 et seq., but we review a trial court's determination of whether the impossible, impracticable, or futile exception applies for abuse of discretion. (*Bruns, supra,* 51 Cal.4th at pp. 724, 731; *Sagi Plumbing, supra,* 123 Cal.App.4th at p. 447.) We presume the trial court properly exercised its discretion. (*Mesler, supra,* 219 Cal.App.3d at p. 991.) And the appellant bears the burden of affirmatively establishing a clear abuse of discretion. (*Bruns, supra,* 51 Cal.4th at p. 731; *Sagi Plumbing, supra,* 123 Cal.App.4th at p. 447.)

DISCUSSION

I

Steiner and SFP contend it was impossible, impracticable, or futile to bring their action to trial within three years because (A) the trial court failed to automatically assign their case to a judge after the remittitur, (B) the bankruptcy case precluded Steiner and SFP from moving forward with this action, and (C) Thexton sought to delay trial setting and agreed to a trial date past the three-year dismissal period. We address each argument in turn.

A

Steiner and SFP argue the three-year dismissal period was tolled when the trial court failed to automatically assign their case to a judge after the remittitur.

11

The Superior Court of Sacramento County, Local Rules, former rule 1.07 provided, "Where a case previously tried in this court is remanded back to the court for further proceedings by the appellate court, the case shall be automatically assigned to the judge who heard the trial effective the fifth calendar day after the remittitur is issued by the appellate court, provided that judge is still on the bench, unless the presiding judge by written order assigns the case to another judge." Rule 1.07 was in effect in 2010 and was eliminated in 2013. This Court issued the remittitur to the trial court on May 13, 2010. The trial court did not automatically assign the case to a judge after the remittitur.

However, even if Steiner and SFP believed their case would be automatically assigned to a judge after the remittitur, " 'there comes a time when [a] plaintiff can no longer be considered "diligent," and entitled to claim impossibility, impracticability[,] or futility in moving the case forward, without at least taking some action to call the matter to someone's attention.' [Citation.]" (*Greene v. Howmedica, Inc*. (1993) 13 Cal.App.4th 912, 915 (*Greene*).) Steiner and/or SFP did nothing to set a trial date following the remittitur until February 14, 2011. No explanation exists in the record for Steiner and SFP's nearly nine-month delay in contacting the trial court about a trial date following the remittitur. Counsel for SFP asked the presiding judge of the trial court to put the case on the trial setting calendar in a February 14, 2011 letter. There was no response to that letter. Nevertheless, Steiner and SFP did not contact the trial court or file a motion to set a trial for approximately another two years.

" 'A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred.' [Citation.]" (*Gaines, supra,* 62 Cal.4th at p. 1104.) "This is particularly true where the circumstances are such that a party should reasonably conclude that the court has in fact made some calendaring error. [Citation.] In that event, the burden must fall upon the plaintiff to act with special diligence to ensure that the case is set for trial in a timely manner." (*Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280,

1287 (*Wilshire Bundy Corp.*); *id.* at p. 1289 [improper removal of case from civil active list by trial court clerk was a matter that is within the reasonable control of a diligent plaintiff and is thus avoidable]; see *Mesler, supra,* 219 Cal.App.3d at pp. 994-996 [the plaintiff was not reasonably diligent where he waited nine months after the filing of the remittitur to correct an omission by the trial court clerk]; *Hill v. Bingham* (1986) 181 Cal.App.3d 1, 11 (*Hill*).)

The trial court did not abuse its discretion in finding that Steiner and SFP were not reasonably diligent in prosecuting their case when the trial court did not automatically assign the case to a judge. Even if the initial failure of the trial court to automatically assign the case to a judge was a cause beyond Steiner and SFP's control, Steiner and SFP did not exercise reasonable diligence in obtaining a trial date after the omission by the trial court. The trial court said Steiner and SFP would have obtained an earlier trial date if they had advised the court of the three-year deadline. The trial court reasonably concluded that Steiner and SFP could have filed a motion with the trial court to ensure that their action was brought to trial within the three-year period. Steiner and SFP did not do so. (*Gaines, supra,* 62 Cal.4th at pp. 1103-1105 [no impossibility, impracticality, or futility where the plaintiff did not attempt to reschedule the trial date]; *Wilshire Bundy Corp., supra,* 228 Cal.App.3d at p. 1289; *Greene, supra*, 13 Cal.App.4th at p. 915.)

Additionally, Steiner and SFP fail to show that they could not bring their action to trial within the statutory dismissal period because the trial court did not automatically assign their case to a judge following the remittitur. (*Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1421 (*Jordan*); *Sierra Nevada, supra,* 217 Cal.App.3d at p. 473 [bringing the action to trial must be impossible, impracticable or futile for the reason proffered].) Delay in going to trial is not due to circumstances beyond the plaintiffs' control when the plaintiffs could have brought the action to trial within the statutory dismissal period, such as by filing a motion to advance the trial. (*Hill, supra,* 181 Cal.App.3d at p. 11.)

13

*Nail v. Osterholm* (1970) 13 Cal.App.3d 682 (*Nail*), a case upon which Steiner and SFP rely, is factually distinguishable in important respects. In *Nail*, the parties appeared on the date set for trial, ready to proceed. (*Id.* at pp. 685.) The plaintiff's attorney exercised a challenge pursuant to section 170.6 when the trial judge disclosed, on that day, that he was acquainted with one of the defendants. (*Nail*, at p. 685.) The challenge was allowed and the trial judge said he would get an outside judge assigned to hear the case. (*Ibid.*) No such assignment occurred. (*Ibid.*) The trial court later acknowledged it was responsible for resetting the matter for trial under the provisions of section 170.6 and its omission caused substantial delay in the trial of the action. (*Nail*, at pp. 685, 687) Eleven months later, plaintiff's counsel inquired about reassignment. (*Id.* at pp. 685, 688.) Counsel filed a memorandum when he was informed that one must be filed, then moved for a change of venue on the ground that the plaintiff could not obtain a fair and impartial trial in that county. (*Id.* at p. 685.) The plaintiff's counsel further moved to advance the trial date when the presiding judge reset the case for trial, assigning a date beyond the statutory dismissal period. (*Ibid.*)

The Court of Appeal said that while it was ordinarily the responsibility of the plaintiff to see that the case is brought to trial within the time limits prescribed by law, the facts in *Nail* did not present an ordinary situation. (*Nail, supra,* 13 Cal.App.3d at p. 687.) Considering the unique facts before it, the appellate court concluded the 11-month failure to inquire was excusable and the period of delay tolled the statutory dismissal period. (*Id.* at pp. 686-688.)

It is true that here, like in *Nail, supra,* 13 Cal.App.3d 682, the trial court failed to reset the matter for trial, resulting in a delay of many months. But unlike the plaintiff in *Nail*, Steiner and SFP did not move to advance the trial date when trial was scheduled beyond the three-year period, and they did not inform the trial court that trial had to be set before a particular date to avoid mandatory dismissal. Moreover, as we have explained, here there is no causal connection between the trial court's omission and the failure to

14

timely bring the case to trial. The trial court did not err in ruling that the court's failure to assign the case to a judge following the remittitur did not toll the three-year dismissal period.

B

Steiner and SFP also claim the bankruptcy case precluded them from moving forward with this action, thereby tolling the three-year dismissal period from February 25, 2011 through August 23, 2011.

A plaintiff's filing of a bankruptcy petition does not operate to stay an action by the plaintiff. (*Shah v. Glendale Fed. Bank* (1996) 44 Cal.App.4th 1371, 1375; *Lauriton v. Carnation Co.* (1989) 215 Cal.App.3d 161, 164 (*Lauriton*); *Shorr v. Kind* (1991) 1 Cal.App.4th 249, 254.) " 'The Bankruptcy Act provides that the commencement or continuation of any legal proceeding against the debtor is automatically stayed by the filing of a petition in bankruptcy, until adjudication or dismissal of the petition.' [Citation.] However, a debtor's cause of action is not tolled by the filing of a bankruptcy petition. [Citation.] . . . [T]he trustee may prosecute actions on behalf of the debtor." (*Lauriton, supra,* 215 Cal.App.3d at p. 164, italics omitted; see *Shorr, supra,* 1 Cal.App.4th at pp. 254-255.) Although it is the bankruptcy trustee, not the debtor, that has the legal capacity to prosecute an action by the debtor during the bankruptcy, a pending bankruptcy by the debtor does not necessarily make it impossible, impracticable, or futile for the debtor to prosecute the action. (*Lauriton, supra*, 215 Cal.App.3d at p. 165.) This is because the debtor can seek certain relief from the bankruptcy court, such as (1) an order permitting the trustee to prosecute an action in the debtor's name, (2) an order compelling the trustee to maintain the action, (3) an order authorizing the debtor to prosecute the action on his or her own behalf, or (4) a formal order of abandonment. (*Ibid.*; see *A. Groppe & Sons Glass Co., Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 226-227 (*A. Groppe & Sons Glass Co., Inc.*);

15

*Danielson v. ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 655-658 (*Danielson*).)

The trial court could reasonably find that Steiner and SFP did not exercise reasonable diligence in prosecuting their case and that their failure to bring the action to trial was not due to Steiner's bankruptcy. (*Lauriton, supra*, 215 Cal.App.3d at p. 165; see *A. Groppe & Sons Glass Co., Inc., supra,* 232 Cal.App.3d at pp. 225-227; *Danielson, supra,* 199 Cal.App.3d at pp. 653-654.) Steiner did not seek relief in the bankruptcy proceeding in order to prosecute this action during the pendency of his bankruptcy case. Meanwhile, SFP argued in the trial court that Steiner's bankruptcy petition did not affect SFP's interest in the agreement. Yet other than write a letter to the presiding judge of the trial court almost nine months after the remittitur was filed in that court, SFP did nothing to bring its complaint to trial until more than two years and nine months after the filing of the remittitur in the trial court. Steiner and SFP did not file a motion for a trial setting conference for more than one and a half years after the close of Steiner's bankruptcy case. And neither Steiner nor SFP informed the trial court of the three-year deadline or moved to advance the trial date.

Steiner and SFP say it was futile to pursue a trial setting while Steiner's bankruptcy was pending because counsel for Thexton asserted, during a telephone conversation with counsel for SFP, that SFP could not pursue this action while Steiner was in bankruptcy; the trustee in Steiner's bankruptcy action warned SFP's counsel not to take any action on behalf of Steiner; Thexton made informal offers to purchase Steiner's claims against Thexton from the trustee in Steiner's bankruptcy action; and SFP informed the trustee in Steiner's bankruptcy action of its intent to outbid any offers to purchase Steiner's claims against Thexton.

"Futile" means "serving no useful purpose," "completely ineffective," or "producing no result." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 509.) None of the circumstances Steiner and SFP describe shows it would have been

16

completely ineffective for Steiner to seek relief in the bankruptcy court so that the trustee or Steiner could prosecute this action.  (See *Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340 (*Tejada*) ["Uncooperative conduct by a defendant does not justify inaction on the part of a plaintiff."])  The trial court did not abuse its discretion in concluding that Steiner's bankruptcy case did not make trial of this action impossible, impracticable, or futile.

C

Steiner and SFP argue that Thexton sought to delay trial setting and agreed to a trial date past the three-year dismissal period, thereby tolling the three-year dismissal period from April 10, 2013 to February 18, 2014.

In order to toll the statutory dismissal period under the "impossible, impracticable, or futile" provision of section 583.340, subdivision (c), a plaintiff must show a causal connection between the circumstance of impossibility, impracticability, or futility and the failure to move the case to trial within the statutory period.  (*Tamburina, supra*, 147 Cal.App.4th at p. 333.)  There is a causal connection if, but for the circumstance of impossibility, impracticability, or futility, the statutory deadline would have been met.  (*Id.* at p. 335.)  The requisite causal connection is also satisfied if the circumstance of impossibility, impracticability, or futility "deprives the plaintiff of a 'substantial portion' of the . . . [statutory] period for prosecuting the lawsuit -- 'i.e., trial preparation and moving the case to trial,' even if there is ample time after the period of impracticability in which to go to trial."  (*Ibid.*)

It is true that Thexton requested a continuance of the trial setting conference for about 60 days, and represented that he needed "a couple of months" to prepare for trial. But the trial court did not continue the trial setting process.  Instead, the trial court granted the motion by Steiner and SFP and assigned their case to the trial setting process, as Steiner and SFP had requested.  As of the date the trial court heard Steiner and SFP's motion, the trial court was setting trials for October to December 2013, which was

17

beyond the three-year period. Steiner and SFP did not ask the trial court for an earlier trial date, or inform the trial court that they needed to go to trial or face dismissal. Furthermore, Steiner and SFP did not ask Thexton for a trial date earlier than May 25, 2013, and they did not ask Thexton for a stipulation concerning the dismissal statute. By the time SFP and Thexton's attorneys agreed to February 18, 2014, as a possible trial date, the three-year period had expired. Neither Steiner nor SFP objected when the trial court set trial for February 18, 2014.

A plaintiff has a duty to take whatever measures are available to attempt to accelerate the trial date before the statutory dismissal period expires. (*De Santiago, supra*, 155 Cal.App.4th at p. 374.) Steiner and SFP failed to take available measures to bring this action to trial within the three-year period and now attempt to shift the responsibility for monitoring the three-year deadline to the trial court. But it is the plaintiff's duty to alert the trial court of the necessity for setting the trial for a time within the period fixed by statute. (*Hill, supra,* 181 Cal.App.3d at p. 10; *De Santiago, supra*, 155 Cal.App.4th at p. 374.) The actions of Thexton and his counsel are not a "but for" cause of Steiner and SFP's failure to timely bring their action to trial, and did not deprive Steiner and SFP of a substantial portion of the three-year period for moving their case to trial. The trial court did not err in concluding that the conduct of Thexton's counsel did not cause the failure of Steiner and SFP to bring their case to trial within the three-year period.

In addition, Steiner and SFP did not act with reasonable diligence to bring their case to trial within the statutory period during the last weeks of the three-year period. (*De Santiago, supra,* 155 Cal.App.4th at p. 375; *Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1535 (*Baccus*); *Wale v. Rodriguez* (1988) 206 Cal.App.3d 129, 133.) When Steiner and SFP filed their motion for a trial setting conference, they did not alert the trial court that the three-year deadline was or may be approaching, and they did not move to advance the trial date. (*Baccus, supra*, 207 Cal.App.3d at p. 1535 [the

18

plaintiff has a duty to inform the trial court that the trial must be set before a particular date]; *Wale, supra,* 206 Cal.pp.3d at p. 133.) The obligation of Steiner and SFP to diligently monitor their case increased as the statutory dismissal deadline approached. (*Jordan, supra,* 182 Cal.App.4th at p. 1422; *Wale, supra,* 206 Cal.pp.3d at p. 133.) Yet it appears Steiner and SFP were unaware of the deadline or elected not to say anything about the deadline to the trial court, believing the period had tolled. Rather than act with urgency, Steiner and SFP allowed trial to be set in 2014 without a stipulation concerning the dismissal period from Thexton or a ruling from the trial court. The conduct of Steiner and SFP shows a lack of reasonable diligence. (*Jordan, supra*, 182 Cal.App.4th at p. 1422; *Sizemore v. Tri-City Lincoln Mercury, Inc*. (1987) 190 Cal.App.3d 84, 87-89; *Griffis v. S. S. Kresge Co*. (1984) 150 Cal.App.3d 491, 496 (*Griffis*).)

Steiner and SFP say Thexton's response to the ex parte application and motion for a trial setting conference appeared to confirm that the three-year period had been tolled. We disagree. Thexton's opposition to the motion did not address the trial court's alleged failure to assign the case to a judge following the remittitur. Although the opposition addressed the Steiner bankruptcy, it did not discuss whether the bankruptcy made it impossible, impracticable, or futile for Steiner and SFP to prosecute their action within the meaning of the dismissal statute. The motion and opposition did not mention the three-year period or tolling.

Steiner and SFP argue in the alternative that Thexton's opposition to the motion for a trial setting conference, and his agreement to a February 2014 trial date, amounted to a stipulation to continue the trial date. The parties may extend the time within which an action must be brought to trial under section 583.310 et seq. by a written stipulation or an oral agreement that is made in open court and entered in the minutes of the trial court or transcribed. (§ 583.330.) The written stipulation must provide in express terms that the parties agree to a trial date beyond the statutory dismissal period or expressly waive the right to a dismissal under the dismissal statute. (*J. C. Penney Co. v. Superior Court*

19

(1959) 52 Cal.2d 666, 669; *Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 361 (*Munoz*); *Miles & Sons, Inc. v. Superior Court* (1960) 181 Cal.App.2d 151, 153.) The California Supreme Court recently said that established case law advises a plaintiff to seek an express stipulation that agreed-upon postponements would extend the statutory dismissal period. (*Gaines, supra,* 62 Cal.4th at p. 1105.) There is no evidence in the record of any stipulation to extend the three-year deadline to bring the action to trial.

*Munoz, supra*, 238 Cal.App.4th 354, a case Steiner and SFP relied upon in oral argument, is distinguishable. The parties in *Munoz* twice stipulated in writing to continue the trial date. (*Id.* at p. 357.) The stipulations were executed before the five-year period for bringing the action to trial had expired. (*Ibid.*) In the second written stipulation, the parties agreed to continue the trial to a date outside the five-year period, although they did not refer to the five-year period or the mandatory dismissal statute. (*Ibid.*)

No written stipulation has been presented in this case. Counsel for Thexton and SFP reached agreement regarding potential 2014 trial dates on July 8, 2013, but that was not a written stipulation, and it was not an oral agreement made in open court and entered in the minutes or transcribed. Moreover, unlike in *Munoz, supra*, 238 Cal.App.4th 354, counsel did not reach the agreement before the expiration of the statutory dismissal period, and a trial date had not been set within the statutory dismissal period prior to the agreement.

The trial court did not abuse its discretion in rejecting Steiner and SFP's claim of impossibility, impracticability, or futility under section 583.340.

II

Steiner and SFP next argue the trial court should not have considered their lack of reasonable diligence. They say the trial court cannot deny tolling merely because the record showed periods of inactivity in this action.

A plaintiff seeking to apply the "impossible, impracticable, or futile" exception must prove that he or she was reasonably diligent in prosecuting the case at all stages of

20

the proceeding. (*Tamburina, supra*, 147 Cal.App.4th at p. 336 [cited with approval in *Bruns, supra*, 51 Cal.4th at p. 731]; *Baccus, supra,* 207 Cal.App.3d at p. 1534 ["a determination of due diligence requires an examination of the circumstances existing throughout the five-year period"].) In particular, a plaintiff must exercise reasonable diligence in overcoming those obstacles he or she faces in prosecuting the action. (*Bruns, supra*, 51 Cal.4th at p. 731.)

Steiner and SFP argued in the trial court that the trial court's failure to set their case for trial following the remittitur tolled the statutory dismissal period from May 24, 2010 to at least February 25, 2011. The trial court found that Steiner and SFP failed to act with the requisite reasonable diligence, citing the nine-month delay in sending a letter to the presiding judge of the trial court and the over two-year delay in attempting to file a motion for a trial setting conference. It is not error for the trial court to consider whether Steiner and SFP responded to the trial court's omission with reasonable diligence. For reasons we have explained, the trial court did not err in rejecting the argument by Steiner and SFP that the trial court's failure to assign the case to a judge following the remittitur rendered it impossible, impracticable, or futile for Steiner and SFP to bring their action to trial within the three-year period.

### III

In addition, Steiner and SFP contend the trial court erred in failing to consider whether Thexton was equitably estopped from seeking the dismissal. They claim Thexton's counsel made various false representations in order to delay the trial beyond May 24, 2013, and the conduct of Thexton's counsel was directly responsible for the February 2014 trial date.

Nothing in section 583.110 et seq. abrogates or otherwise affects the principles of waiver and estoppel. (§ 583.140; *Holder v. Sheet Metal Worker's Internat. Assn*. (1981) 121 Cal.App.3d 321, 323, 325-327.) The doctrine of equitable estoppel "affirms that 'a person may not lull another into a false sense of security by conduct causing the latter to

21

forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' " (*Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 437-438; see also *Tejada, supra*, 196 Cal.App.3d at p. 1341 ["If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception."].) The existence of an estoppel is generally a question of fact and is, therefore, a matter usually to be resolved by the trial court in the first instance. (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1274, fn. 4; *Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281-282.) In exercising its discretion on whether estoppel applies, the court must examine the particular facts of each case with a view toward furthering the ends of substantial justice. (*Tresway, supra,* 5 Cal.3d at pp. 437, 440.)

Steiner and SFP argued in the trial court that Thexton should be estopped from denying that it was impracticable for Steiner and SFP to bring their action to trial during the pendency of Steiner's bankruptcy case because counsel for Thexton "aggressively argued" that Steiner and SFP had no standing to pursue this action when Steiner filed for bankruptcy. Steiner and SFP also argued that Thexton should be estopped from denying it was impracticable or futile for Steiner and SFP to get an earlier trial date when Thexton "adamantly insisted on further delay in response to Plaintiffs' motion to set a trial date."

The trial court did not determine whether equitable estoppel applies in this case. Nevertheless, on this record, we conclude as a matter of law that Steiner and SFP cannot establish equitable estoppel. Nothing in the record indicates Thexton led Steiner and SFP to believe that Steiner's bankruptcy tolled the three-year period. Moreover, equitable estoppel requires the party invoking estoppel to exercise reasonable diligence to ensure his case is brought to trial within the statutory period. (*Jordan, supra,* 182 Cal.App.4th at pp. 1420-1423; *Marchuk v. Ralphs Grocery Co.* (1990) 226 Cal.App.3d 1273, 1280 [considering whether the plaintiff kept track of the statutory deadline and informed the

22

trial court of the deadline in rejecting the plaintiff's estoppel claim]; *Wilcox v. Ford* (1988) 206 Cal.App.3d 1170, 1180 [considering the plaintiff's duty to keep track of the case in deciding that estoppel did not apply]; *Tejada, supra*, 196 Cal.App.3d at pp. 1341-1342 [examining whether the plaintiff exercised reasonable diligence in deciding whether equitable estoppel barred the defendant from seeking dismissal]; see generally *Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 936 [the rule of equitable estoppel includes the requirement that the plaintiff exercise reasonable diligence]; *Ruby v. Wellington* (1958) 162 Cal.App.2d 132, 137 [estoppel does not afford relief when an unfortunate situation is the result of the plaintiff's own dereliction].)  Steiner and SFP could have sought a trial date when Steiner's bankruptcy case closed in 2011.  More than one and a half years of the three-year period remained at that time.  Instead, Steiner and SFP waited until there were about two months left in the three-year period before they filed a motion for a trial setting conference.  Steiner and SFP would have obtained an earlier trial date if they had advised the trial court of the three-year deadline, but they did not do so and did not ask that trial commence on or before May 24, 2013.  Steiner and SFP cannot establish estoppel on these facts.

Thexton's response to Steiner and SFP's motion for a trial setting conference also did not result in Steiner and SFP's failure to obtain a trial date within the three-year period.  Thexton opposed setting an immediate trial date, but he did not lull Steiner and SFP into a false sense of security.  In fact, although reliance is an element of equitable estoppel (*Biss v. Bohr* (1995) 40 Cal.App.4th 1246, 1252 (*Biss*)), Steiner and SFP did not rely on the conduct of Thexton or his counsel; they moved for a trial setting conference and opposed delaying the setting of a trial date.  In addition, Steiner and SFP did not meet their own responsibility to exercise the requisite reasonable diligence.  They did not inform the trial court they were facing dismissal and needed an earlier trial date even though the trial court was assigning trial dates that were past the three-year dismissal period.

Steiner and SFP claim they believed the dismissal period had been tolled and that Thexton had agreed to a trial date beyond the three-year period. However, there is no evidence counsel discussed the dismissal statute or tolling before Thexton filed his motion to dismiss. (*Gaines, supra,* 62 Cal.4th at pp. 1098-1100 [in a case where the parties stipulated to vacate the trial date and partially stay the action for 120 days so that they can participate in mediation, equitable estoppel did not apply to toll the five-year period for bringing the action to trial where the parties' communications, the plaintiff's motion, and the resultant trial court order did not show an understanding that the stay would extend the five-year period].) There is no evidence of an express agreement that Thexton would waive the three-year deadline or that the deadline was tolled. The three years had already expired when counsel for Thexton provided the dates when he was available for trial. If there was any ambiguity or confusion about waiver or tolling, Steiner and SFP should have sought clarification. (*Jordan, supra,* 182 Cal.App.4th at pp. 1422-1423.) Steiner and SFP could have sought to obtain a stipulation about the three-year deadline. (*Tejada, supra*, 196 Cal.App.3d at pp. 1341-1342 [the plaintiff must obtain a stipulation extending the statutory period or use every effort to secure a trial date within the statutory period instead of delaying trial based on the defendant's representations of availability for trial at a later date].) At the very least, Steiner and SFP could have raised the issue of the three-year deadline with the trial judge. (See, e.g., *Griffis, supra,* 150 Cal.App.3d at pp. 494-495, 499-500 [plaintiff's counsel identified the date when the statutory deadline expired and how counsel calculated the tolling period; estoppel applied because defense counsel said he had no reason to dispute the calculation by plaintiff's counsel when the judge inquired about defense counsel's position].) Steiner and SFP did none of those things.

Equitable estoppel does not apply as a matter of law under the present circumstances. Any error in failing to rule on the equitable estoppel claim made by

Steiner and SFP is harmless because the claim has no merit as a matter of law. (*Biss, supra,* 40 Cal.App.4th at p. 1252.)

IV

Steiner and SFP further contend the trial court erred in denying the motion by Steiner and SFP to tax expert witness fees as costs and in granting Thexton's motion for attorney's fees.

The agreement provided, "In the event any litigation or other legal proceedings are instituted to enforce or declare the meaning of any provision of this Contract, the prevailing party shall be entitled to its costs, including reasonable attorneys fees." The agreement did not expressly refer to the recovery of expert witness fees. Following the dismissal of the action, Thexton filed a motion for $214,576.50 in attorney's fees and a memorandum of costs seeking recovery of $5,560 in expert witness fees, among other things. Steiner and SFP opposed the motion for attorney's fees and moved to tax costs, including the expert witness fees, but they conceded that Thexton had a right to recover attorney's fees under Civil Code section 1717 as the prevailing party in the action.

The trial court awarded Thexton $212,076.50 in attorney's fees. It ruled that Thexton was entitled to all of his attorney's fees from the commencement of the action because he was entirely successful in his defense. The trial court rejected the claim by Steiner and SFP that Thexton was not entitled to fees incurred on issues upon which he did not succeed. It adopted the trial judge's award of $85,279 for the first phase of the action because it said the trial judge was in the best position to evaluate the work of Thexton's counsel through the first motion for fees. With regard to the claim for fees associated with the appeal and with proceedings in the trial court after the remittitur, the trial court determined that 50.5 hours were excessive and deducted $2,500 from the fee claim. The trial court found the remainder of the fees reasonable. In addition, the trial court granted in part the motion to tax costs, taxing costs in the amount of $371.54. But the trial court denied the motion to strike the expert witness fees, adopting the trial

25

judge's reasoning when he denied the previous motion to tax costs following the bench trial. In the prior ruling the trial judge cited *Bussey v. Affleck* (1990) 225 Cal.App.3d 1162 (*Bussey*), reasoning that expert witness fees were permitted as a component of attorney's fees recoverable under Civil Code section 1717, even if such fees were not recoverable as ordinary costs under section 1033.5.

Steiner and SFP contend the trial court erred in denying their motion to tax expert witness fees. They are correct.

A prevailing party is entitled to recover costs in any action or proceeding, "[e]xcept as otherwise expressly provided by statute." (§ 1032, subd. (b).) A "'prevailing party'" includes a defendant in whose favor a dismissal is entered. (*Id.* at subd. (a)(4).) Fees of expert witnesses that are not ordered by the court are not an allowable cost under section 1032. (§ 1033.5, subds. (a)(8), (b)(1).) Although the Legislature has expressly authorized the recovery of expert witness fees in specific types of actions (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 442, disapproved on other grounds in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 106-107), that authority is not applicable in this context.

Rather, Thexton claims he can recover expert witness fees under Civil Code section 1717 and the attorney's fee provision in the agreement. But even if expert witness fees are recoverable under the agreement, the "[r]ecovery of costs provided by contract must be specially pleaded and proven at trial, and not awarded posttrial as was done here. [Citations.] '[T]he proper interpretation of a contractual agreement for shifting litigation costs is a question of fact that "turns on the intentions of the contracting parties."' [Citation.] Accordingly, 'the issue must be submitted to the trier of fact for resolution pursuant to a prejudgment evidentiary proceeding, not a summary postjudgment motion.'" (*Hsu v. Semiconductor Systems, Inc.* (2005) 126 Cal.App.4th 1330, 1341-1342 (*Hsu*); see *Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 551; *Carwash of America-PO v. Windswept Ventures No. I* (2002) 97 Cal.App.4th

26

540, 544 (*Carwash*); *First Nationwide Bank v. Mountain Cascade, Inc.* (2000) 77 Cal.App.4th 871, 878-879 (*First Nationwide Bank*); *Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1627 (*Ripley*); cf. *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1066-1067.)

Thexton's answers to the complaint and complaint in intervention did not specially plead a right to recover expert witness fees under the agreement. Thexton sought an award of expert witness fees by filing a memorandum of costs. Nothing in the record shows that Thexton proved his expert witness fees claim at an evidentiary proceeding. Accordingly, we will modify the judgment to strike the award of expert witness fees.

The trial court relied on *Bussey, supra*, 225 Cal.App.3d 1162, which held that where a contract provides for payment of costs and attorney's fees, the court may allow disbursements of counsel as attorney's fees under section 1033.5 if the disbursements represent expenses ordinarily billed to a client and are not included in the overhead component of counsel's hourly rate. (*Bussey,* at p. 1166.) But *Bussey* has been widely rejected, including by this Court. (*Hsu, supra,* 126 Cal.App.4th at p. 1342; *Carwash, supra,* 97 Cal.App.4th at p. 544 [noting that every subsequent reported decision considering the issue has followed *Ripley* and rejected *Bussey*]; *Fairchild v. Park* (2001) 90 Cal.App.4th 919, 931; *First Nationwide Bank, supra,* 77 Cal.App.4th at p. 878; *Robert L. Cloud & Associates, Inc. v. Mikesell* (1999) 69 Cal.App.4th 1141, 1154; *Ripley, supra,* 23 Cal.App.4th at pp. 1624-1627.) And the same court that decided *Bussey* has since disavowed it. (*Hsu, supra,* 126 Cal.App.4th at p. 1342.)

Thexton claims the issue of costs was adjudicated in the trial court after the first trial and, in the prior appeal, this Court approved the trial court's order. Not so. In the prior appeal, this court said Steiner and SFP forfeited their claims with regard to the award of expert witness fees by failing to assign error or present any factual or legal analysis as to the trial court's denial of their motion to tax those costs. (*Steiner v. Thexton* (May 28, 2008, C054605) review granted Sept. 17, 2008, S164928. For

27

Supreme Court opn. see 48 Cal.4th 411.) This court did not approve the trial judge's award of expert witness fees to Thexton.

Steiner and SFP also challenge the order granting Thexton attorney's fees. Their appellate claim is limited to two contentions. They contend the trial court erred in not requiring Thexton to produce detailed time records for attorney's fees incurred in the prior appeal. They also contend the trial court erred in believing it had no discretion to reduce the amount of fees based on Thexton's lack of success in the Supreme Court and with his more than 20 affirmative defenses.

The party prevailing on a contract shall be entitled to reasonable attorney's fees if the contract specifically provides for such fees. (Civ. Code, § 1717, subd. (a).) "[T]he trial court has broad authority to determine the amount of a reasonable fee." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM Group*).) " 'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"-- meaning that it abused its discretion.' " (*Ibid.*) We presume the trial court's order is correct, and all intendments and presumptions are indulged in favor of its correctness. (*Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1274; *Wershba v. Apple Computer, Inc*. (2001) 91 Cal.App.4th 224, 254 (*Wershba*) [we infer all findings in favor of the trial court's award].) The party challenging the fee award must affirmatively demonstrate abuse of discretion. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140 (*Ketchum*); *Cruz, supra,* 155 Cal.App.4th at p. 1274.)

"[A]bsent circumstances rendering the award unjust, an attorney['s] fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." (*Ketchum, supra*, 24 Cal.4th at p. 1133, italics omitted.) The fee-setting inquiry begins with the "lodestar," the number of hours reasonably expended multiplied by the reasonable hourly rate. (*PLCM Group, supra,* 22 Cal.4th at

28

p. 1095.)  The lodestar figure may be increased or decreased based on factors such as the novelty and difficulty of the questions involved, the skill displayed in presenting them, the extent to which the nature of the litigation precluded other employment by the attorneys, and the contingent nature of the fee award, in order to fix the fee at the fair market value for the legal services provided.  (*Ketchum, supra,* 24 Cal.4th at p. 1132; *PLCM Group, supra,* 22 Cal.4th at pp. 1095-1096.)

A trial court must carefully review attorney documentation of hours expended so that "padding" in the form of inefficient or duplicative efforts is not compensated. (*Ketchum, supra*, 24 Cal.4th at p. 1132.)  However, the party seeking a fee award does not necessarily need to produce billing statements to substantiate a claim for fees.  (See, e.g., *PLCM Group, supra*, 22 Cal.4th at p. 1096, fn. 4 [counsel did not keep contemporaneous daily billing records but produced a detailed reconstruction of time spent on specific legal tasks performed].)  Counsel's declaration describing the number of hours worked and the work performed, together with the trial court's assessment of the credibility of counsel's declaration and of the reasonableness of hours expended and the reasonable worth of the work performed in light of the nature of the case, can be sufficient to establish the reasonableness of a fee claim.  (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698; *Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375-1376; *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 512; *Wershba, supra,* 91 Cal.App.4th at p. 255; *Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587 (*Weber*).)  Additionally, presiding over the trial is not a requirement for deciding a fee motion.  (*East West Bank v. Rio School Dist.* (2015) 235 Cal.App.4th 742, 750.)  "That some proceedings occurred prior to the assignment of the action to the trial court, does not prevent the court from estimating fees based on the record." (*Ibid.*; see *California Interstate Tel. Co. v. Prescott* (1964) 228 Cal.App.2d 408, 411 [trial court may set the fee based on the pleadings, depositions, and other evidence of the actual work performed by defense counsel].)

The parties briefed and argued the fee award issue, and the trial court acknowledged it was not as familiar with the litigation as the judge who presided over the trial. Thus, it required Thexton to provide additional evidence to help it determine whether the claimed fees were reasonably incurred. The declarations of Thexton's counsel described the hourly rate charged and the legal services provided. Counsel explained the work performed in relation to entries challenged by Steiner and SFP. The trial court reviewed the evidence and deducted fees it found excessive. It was satisfied that, except for 20 hours related to an associate's work in October 2007, the claim for fees was reasonable. We do not reweigh the evidence. (*Weber, supra,* 39 Cal.App.4th at p. 1587.) The trial court could rely on its evaluation of counsel's declarations and the record and its own knowledge and experience to evaluate Thexton's claim for fees. (*East West Bank v. Rio School Dist., supra,* 235 Cal.App.4th at p. 750; *Weber, supra,* 39 Cal.App.4th at p. 1587.) We find no clear abuse of discretion.

The record does not indicate that the trial court believed it had no discretion to reduce the amount of fees. Steiner and SFP argued in the trial court that Thexton was entitled to fees only for those claims on which he was successful. Steiner and SFP said most of the fees Thexton sought to recover were incurred on issues upon which he did not prevail, most notably Thexton's claim that the agreement was an unenforceable option. The trial court acknowledged the argument but ruled that the cases cited by Steiner and SFP were inapposite. The trial court did not say, and we do not read its order as concluding, that it believed it had no discretion to reduce fees. Rather, the trial court did reduce some of the fees, and exercised its discretion to award Thexton almost all of his fees because it found Thexton succeeded in having the entire action against him dismissed. Steiner and SFP fail to show that the trial court's order is clearly wrong. (*PNEC Corp. v. Meyer* (2010) 190 Cal.App.4th 66, 73 [in a case where the action was dismissed on forum non conveniens grounds, the trial court did not abuse its discretion in not limiting the fee award to fees incurred on the forum non conveniens issue]; see

30

*Downey Cares v. Downey Community Development Commission* (1987) 196 Cal.App.3d 983, 996-997 [a trial court has discretion to award all or substantially all of the plaintiff's fees even though it ruled on only two of the legal grounds the plaintiff raised]; contra, *Mann v. Quality Old Time Service, Inc*. (2006) 139 Cal.App.4th 328, 346-347 [limiting award of fees to partially successful defendants].)

V

Citing section 907 and California Rules of Court, rule 8.276, Thexton asks us to impose $30,000 in monetary sanctions against Steiner and SFP for allegedly taking a frivolous appeal or allegedly appealing solely to cause delay. Thexton claims this appeal has no legal or factual support and was filed to delay judgment so that Steiner and SFP can dispose of their assets and Steiner and SFP's attorneys can avoid a claim of professional negligence.

Section 907 provides that "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." California Rules of Court, rule 8.276(a)(1) authorizes a reviewing court, upon the motion of a party or its own motion, to impose sanctions on a party or an attorney for taking a frivolous appeal or appealing solely to cause delay. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment -- or when it indisputably has no merit -- when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "An appeal that is simply without merit is not by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals. . . . [T]he courts cannot be 'blind to the obvious: the borderline between a frivolous appeal and one which simply has no merit is vague indeed . . . . The difficulty of drawing the line simply points up an essential corollary to the power to dismiss frivolous appeals: that in all but the clearest cases it should not be used.' [Citation.] The

31

same may be said about the power to punish attorneys for prosecuting frivolous appeals: the punishment should be used most sparingly to deter only the most egregious conduct." (*Id.* at pp. 650-651, italics omitted.)

The circumstances before us do not present the type of "most egregious conduct" warranting imposition of sanctions. There is no evidence of improper motive by Steiner and SFP or their counsel. Although Steiner and SFP's claims regarding impossibility, impracticability, and futility are without merit, the entire appeal is not without legal or factual support. Accordingly, we deny Thexton's request for sanctions.

DISPOSITION

The judgment is modified to strike the award of expert witness fees. The judgment is affirmed as modified. Thexton's motion for sanctions is denied. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/S/
MAURO, Acting P. J.

We concur:

/S/
MURRAY, J.

/S/
HOCH, J.

32